UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

EDUARDO R. ALVAREZ,

        Defendant.

Case No. 18-cr-52-pp

---

**ORDER REQUIRING DEFENDANT TO SUBMIT AUTHORITY REGARDING TRANSFER TO FEDERAL CUSTODY**

---

On July 30, 2018, the defendant entered his guilty plea. Dkt. No. 54. At the end of that hearing, counsel for the defendant informed the court that, while the defendant was in state custody on pending state charges, he would like to be in federal custody. Dkt. No. 53 (audio recording of hearing). The court responded that this was an "interesting" issue, and wondered how that might work. The court asked the prosecutor (at that hearing, AUSA Laura Kwaterski) whether she was aware if the court had the authority to order the defendant placed in federal custody. The prosecutor confirmed that the defendant was in federal court under a *writ*, indicated that she was not sure of the status of the defendant's state cases (they were pending then, and they remain pending now), and indicated that there might be a need for a waiver of the Interstate Agreement on Detainers and communication with the Marshal Service. Id. The court responded that it would look at the Interstate Agreement on Detainers but said that it could not order the defendant be placed in federal custody that

1

day because it was not sure of its authority or the appropriate procedures. The court said it would "look into it." Id.

On December 18, 2018, the court sentenced the defendant to serve twenty months on Count One and sixty months on Count Two, to run consecutively to the sentence imposed in Count One. Dkt. Nos. 75 (audio), 77. The court ordered that the twenty-month sentence on Count One would run concurrently to whatever sentences the defendant receives in the pending state-court cases. Id. At the end of the hearing, the defendant asked the court if he could now be placed in federal custody. The court admitted having a vague recollection of having discussed this issue at the change-of-plea hearing, but stated that it would have to find out whether it had the authority to do what the defendant asked. Defense counsel told the court that, according to his notes, the court had said at the change-of-plea hearing that it would place the defendant in federal custody after sentencing. The prosecutor (AUSA Maggie Honrath) reported that according to the notes of her colleague, AUSA Kwaterski, the court had indicated that it would have to look into it.

The court has reviewed the audio of the July 30, 2018 change-of-plea hearing; it recounted the substance of that hearing above. The court has not ever told the defendant that it would place him in federal custody. The court *has* indicated—twice—that it would need to look into the issue.

Since the sentencing hearing, the court has reviewed the Interstate Agreement on Detainers, 18a U.S.C. §§1-9. It is not certain that that agreement is the mechanism for accomplishing the relief the defendant is seeking. "The

2

Agreement provides for expeditious delivery of the prisoner to the receiving State for trial prior to termination of his sentence in the sending State. And it seeks to minimize the consequent interruption of the prisoner's ongoing prison term." Alabama v. Bozeman, 533 U.S. 146, 148 (2001). It imposes obligations on prosecutors who lodge detainers, and it gives prisoners the ability to demand speedy resolution of the matter that gave rise to the detainer (and to their absence from the place where they are serving their sentence).

This case does not involve a prisoner who, while serving a sentence in one jurisdiction, was "loaned" to another jurisdiction to face trial as the result of a detainer. In this case, the defendant was in state custody as a pretrial detainee, facing several pending state charges, when the federal grand jury returned an indictment against him. Those state charges have not yet been resolved. His federal case has been resolved. The question is whether, prior to the Bureau of Prisons designating the defendant to his place of incarceration, this court has the authority to order that the defendant be transferred from state custody to federal custody. The state charges came first. The defendant was in state custody at the time he was indicted in this case. He appeared in this court "on loan" from the state. The state charges that resulted in his being in custody have not been resolved.

"The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject-matter of the litigation into its control . . . must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it

3

for its purpose." Ponzi v. Fessenden, 258 U.S. 254, 260 (1922). "The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately." Casey v. Ciniletti, 621 F.2d 691, 693 (5th Cir. 1980) (citations omitted). "A person who has violated the criminal statutes of both the federal and state governments may not complain of the order in which he is tried or punished for such offenses," and "[a] state which first acquires custody may 'lend' a prisoner to the federal government in order to afford him a speedy trial and for the convenience of the witnesses." U.S. *ex rel.* v. Moses, 232 F.2d 147, 150 (7th Cir. 1956) (citations omitted).

As to when the federal government wishes to execute the defendant's sentence: A federal sentence "commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. §3585(a). It is up to the Attorney General, through the Bureau of Prisons, to imprison federal offenders—to determine when their sentences commence, and where they will serve them. United States v. Wilson, 503 U.S. 329, 331 (1992) (citing 18 U.S.C. §3621). In holding that district courts do not have the authority to determine credit at the time of sentencing, the Supreme Court said, "At sentencing, the District Court only could have speculated about the amount of time that [the defendant] would spend in detention prior to the commencement of his sentence; the court

4

did not know when the state-court proceedings would end or when the federal authorities would take [the defendant] into custody." Id. at 334. The implication is that the defendant's federal sentence will begin when the Attorney General decides to take him into custody for transportation to his designated facility.

Thus far, the court has found no cases indicating that a district court has the authority to order someone awaiting resolution of state charges that were lodged before the federal charges issued to "transfer" the defendant into federal custody. If the defendant can provide the court with authority supporting his request, the court will be happy to review it.

The court **ORDERS** that, if the defendant has case law or statutory law indicating that this court has the authority to order him to be held in federal custody while his state charges are pending, and before the Bureau of Prisons collects him for transportation to his designated facility, he shall file a memorandum of that authority by the end of the day on **Friday, January 11, 2019**. If the defendant files such a memo, the court will give the government an opportunity to review it and respond. If the court does not receive such a memo by the end of the day on January 11, 2019, the court will take no further action on the defendant's request.

Dated in Milwaukee, Wisconsin this 20th day of December, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**